# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCOTT WILKINSON, et al.,

    Plaintiffs,

v.

RICK TORRES, et al.,

    Defendants.

CASE NO. C08-5281BHS

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTIONS FOR BILL OF COSTS

    This matter comes before the Court on the Ninth Circuit's Mandate in this action (Dkt. 82), Defendant City of Vancouver's ("City") unopposed motion for summary judgment (Dkt. 81), and Defendants John Key's ("Key") and Rick Torres's ("Torres") unopposed motions for bill of costs (Dkts. 84 & 88). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

    On July 6, 2010, the Ninth Circuit issued an opinion and order reversing this Court's denial of Torres's motion for summary judgment based on qualified immunity (Dkt. 63) and remanded the case with instructions to this Court to grant Torres's motion. Dkt. 75. On September 21, 2010, the Ninth Circuit issued the amended mandate on its opinion and order. Dkt. 82. Accordingly, the Court concludes that Torres is entitled to summary judgment. The Court also concludes that Defendant Brian Martinek is entitled to summary judgment as he was sued by Plaintiffs in his capacity as Chief of Police of the City based on the acts of Torres and Key. *See* Dkt. 1 at 3. Because all claims have been

dismissed against Key and Torres, Plaintiffs claims against Martinek should also be dismissed.

On September 17, 2010, Defendant City of Vancouver ("City") filed a motion seeking summary judgment based on the Ninth Circuit's order. Dkt. 77. The City maintains that because the Ninth Circuit concluded that Torres did not violate any of Plaintiffs' constitutional rights and instructed the Court to grant Torres's motion for summary judgment, there can be no liability against the City. Dkt. 81 at 2. Plaintiffs did not file a response to the motion. Having considered the City's motion and Plaintiffs' lack of response thereto, the Court concludes that the City is entitled to summary judgment. *See* Local Rule CR 7(b)(2) (stating that "[i]f a party failes to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit"). In addition, having considered Key's and Torres's motions for bill of costs and Plaintiffs' lack of responses thereto, the Court concludes that the motions should be granted. *See id*.

Therefore, the Court hereby **ORDERS** as follows:

(1) Torres is entitled to summary judgment and Plaintiffs' claims against him are **DISMISSED with prejudice**;

(2) Martinek is entitled to summary judgment and Plaintiffs' claims against him are **DISMISSED with prejudice**;

(2) The City's motion for summary judgment (Dkt. 77) is **GRANTED** and Plaintiffs' claims against the City are **DISMISSED with prejudice**;

(3) Key's and Torres's motions for bill of costs (Dkt. 84 & 88) are **GRANTED**, and costs are taxed against Plaintiffs in the amount of $ 2053.67.

DATED this 12th of November, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2